UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THIRD DEGREE FILMS, INC.,

                Plaintiff,          Case No. 12-cv-14106
                                         Honorable Denise Page Hood
                                         Magistrate Judge David R. Grand
     v.

JOHN DOES 1-72,

                Defendants.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUPBOENAS PRIOR TO A RULE 26(f) CONFERENCE [3]

### BACKGROUND

This matter is before the Court on plaintiff Third Degree Films, Inc.'s Motion for Leave to Serve Third-Party Subpoenas Prior to a Rule 26(f) Conference [3], which was referred to this court for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). [5]. Plaintiff filed suit on September 14, 2012, against seventy-two unnamed "John Doe" defendants [1, 4]. The complaint alleges that these defendants reproduced, distributed, and displayed plaintiff's copyrighted motion picture entitled "Teens in Tight Jeans" through on-line peer-to-peer file sharing.[1] The same day, plaintiff filed a motion for leave to serve third-party subpoenas prior to a Rule 26(f) conference [3]. Plaintiff now seeks to discover the identity of the 72 Doe defendants. Plaintiff therefore

---

[1] This appears to be one of the growing number of cases in which an adult film producer files suit in federal court against a "swarm" of unnamed individuals (known only by their respective Internet Protocol addresses ("IP addresses")) who allegedly unlawfully downloaded a copyrighted pornographic work using the "BitTorrent" file-sharing protocol. *See e.g.*, *Third Degree Films v. Does 1-47*, No. 12-10761, 2012 WL 4498911, at *1 (D. Mass, Oct. 2, 2012). Through the federal action, the filmmaker is able to discover the individuals' identities, and then pursue claims **and/or settlements** against them. *Id. See infra,* fn. 2.

requests leave to serve subpoenas on the defendants' respective Internet Service Providers ("ISPs") to obtain the individual defendants' names, residential addresses, telephone numbers, email addresses and Media Access Control ("MAC") addresses. [3-3 at ¶2].

### ANALYSIS

Federal Rule of Civil Procedure 26(d)(1) prohibits the propounding of discovery prior to a Rule 26(f) conference, except in limited circumstances (which do not apply here), or when authorized by a court order. While courts are split on the standard to be applied in such instances, and the Sixth Circuit has not addressed the issue, several courts in this district have applied a "good cause" standard to determine whether such discovery should be authorized. *See Patrick Collins, Inc. v. Does 1-28*, No. 12-cv-13670, 2012 U.S. Dist. LEXIS 124349 at *2 (E.D. Mich. Aug. 31, 2012); *Third Degree Films v. Does 1-36*, No. 11-15200, Dkt. 5 (E.D. Mich. December 2, 2011) (Murphy, III, J.).; *Patrick Collins, Inc. v. Does 1-23*, No. 11-15231, Dkt. 4 (E.D. Mich. Dec. 1, 2011) (Whalen, M.J.). Courts have further developed the "good cause" standard, finding proper, in copyright infringement cases, the issuance of subpoenas to discover the identity of Doe defendants in advance of a Rule 26(f) conference where: (1) the plaintiff makes a prima facie showing of a copyright infringement claim; (2) the plaintiff submits a specific discovery request; (3) the information sought is limited in scope and not available through alternative means; and (4) there is a minimal expectation of privacy on the part of the defendant. *See Arista Records, LLC v. Doe*, 604 F.3d 110, 119 (2d Cir. 2010); *Arista Records, LLC v. Does 1-15*, No. 07-450, 2007 U.S. Dist. LEXIS 97283 (S.D. Ohio Nov. 5, 2007); *Patrick Collins v. Does 1-21*, No. 11-15232, Dkt. 5 (E.D. Mich. Dec. 16, 2011).

Having reviewed the pleadings and instant motion, the court finds that plaintiff has demonstrated good cause for early discovery. It has stated a plausible claim for copyright

infringement, and specifically identified the discovery sought. The court also finds that defendants do not have a reasonable expectation of privacy in their internet subscriber information. *See Hard Drive Prods. v. Doe*, No. 11-9062, 2012 U.S. Dist. LEXIS 82927 at *10-11 (N.D. Ill. June 14, 2012). Furthermore, the information sought is: (a) necessary to prosecute plaintiff's claim; (b) otherwise unavailable; and (c) narrowly tailored (as modified below).[2]

Therefore, plaintiff's motion **[2]** is **GRANTED SUBJECT TO THE FOLLOWING MODIFICATIONS**:

1. Plaintiff shall attach a copy of this Order to each of the subpoenas it issues to the various ISPs.

2. The subpoenas issued to the ISPs may seek only the following information regarding the John Doe defendants:

    A) full name, and

---

[2] As noted above, the court is fully aware of the numerous cases that have been brought by this and other plaintiff adult film companies in this and other districts around the country, most if not all of which have sought the same expedited discovery sought here. While plaintiff here has satisfied the requirements necessary to permit such early discovery in this case, the modifications placed on the information to be disclosed, and the timing and circumstances of that disclosure, is this court's attempt to protect against potentially abusive litigation tactics that have been well-documented in similar cases. *See Pac. Century*, 2012 U.S. Dist. LEXIS 82796 at *8; *In re BitTorrent Adult Film Copyright Infringement Cases*, Nos. 11-3995, 12-1147, 12-1150, 12-1154, 2012 U.S. Dist. LEXIS 61447 at *27-31 (E.D.N.Y. May 1, 2012) (documenting abusive litigation tactics on the part of the plaintiffs); *Raw Films, Ltd. v. Does 1032*, No. 110532, 2011 U.S. Dist. LEXIS 114996 at *2-3 (E.D. Va. Oct. 5, 2011) (same); *see also James DeBriyn, Shedding Light on Copyright Trolls: An Analysis of Mass Copyright Litigation in the Age of Statutory Damages*, 19 UCLA Ent. L. Rev. 79, 86, 95-99 (2012) (noting that copyright holders have devised mass-litigation models to monetize infringement using the threat of large damage awards to force alleged infringers, even innocent ones, into settlements). Though the court has no reason to suspect any such tactics are contemplated by the plaintiff or its counsel in this case, the court hereby issues a stern warning that it will take extremely seriously any abusive or unethical litigation or settlement tactics that come to its attention. *See Hard Drive Prods*, 2012 U.S. Dist. LEXIS 82927 at *16 (warning plaintiffs that use of information for improper purpose, such as to harass individuals against whom plaintiff has insufficient evidentiary support for its allegations is a violation of Rule 11 and sanctionable). While copyright holders are entitled to turn to the federal courts to protect their intellectual property rights, the court will not permit itself to be used as an instrumentality for any unethical or abusive conduct.

    B) residential address.[3]

3. The subpoena shall instruct the ISPs to notify the individual Doe defendants who are the subject of any such subpoena of the ISP's receipt of that subpoena, and shall provide each such defendant with a copy of the subpoena and this Order within seven days of service of the subpoena.

4. Each subpoenaed ISP and each Doe defendant shall have thirty (30) days from the date of such notice to file any appropriate motion with this court.[4] The ISPs shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. *See Third Degree Films*, 2012 WL 4498911, at *1 (issuing a subpoena with provision for motion practice before production of information); *Pac. Century Int'l v. Does 1-31*, No. 11 C 9064, 2012 U.S. Dist. LEXIS 82796 at *8-9 (N.D. Ill. June 12, 2012) (same). Where no motion is filed within the 30-day period, the ISP shall produce to plaintiff the information identified in Paragraph 2(A) and (B) above.

**IT IS SO ORDERED.**

Dated: November 13, 2012          s/David R. Grand
Ann Arbor, Michigan            DAVID R. GRAND
                   United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 13, 2012.

                   s/Felicia M. Moses
                   FELICIA M. MOSES
                   Case Manager

---

[3] *See e.g. Patrick Collins Inc. v. Does 1-21*, No. 11-15232, Dkt. 5 (E.D. Mich. Dec. 16, 2011).

[4] Any John Doe defendant filing such a motion must comply with the filing requirements of Federal Rule of Civil Procedure 11, which prohibits the filing of anonymous pleadings.