UNITED STATES DISTRICRT COURT
IN THE EASTERN DISTRICT OF MICHIGAN-DETROIT
_____

Third Degree Films,

           Plaintiff,

                                         Case No.: 12-cv-14106
                                         Hon. Denise Page Hood

vs.

John Does 1-72,

      Defendants.
_____/

| Paul J. Nicoletti, Esq. (P44419) | Marla A. Skeltis (P62141) |
|---|---|
| Attorney for Plaintiff | Attorney for John Doe No. 70 |
| 36880 Woodward Ave., Suite 100 | Randall S. Miller & Associates, P.C |
| Bloomfield Hills, MI 48304 | 43252 Woodward Avenue, Suite 180 |
| (248) 203-7800 | Bloomfield Hills, MI 48312 |
|  | (248) 335-9200 |

_____/

**JOHN DOE NO. 70'S MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE, MOTION TO SEVER**

      Pursuant to Fed. R. Civ. P. 45, Defendant John Doe 70, solely identified by Internet Protocol Address 75.118.254.199, moves for an order quashing the subpoena issued and served upon WOW Internet as it relates to John Doe No. 70 only, or in the alternative, moves for an order severing John Doe No. 70 from this case pursuant to Fed. R. Civ. P. 21.

**STATEMENT REGARDING JURISDICTION**

      John Doe No. 70 denies being subject to the jurisdiction of this Honorable Court and reserves all arguments relating to lack of jurisdiction. John Doe No. 70 appears solely for the purposes of bringing this motion only.

1. The subpoena at issue, attached hereto as Exhibit A, should be quashed pursuant to Fed. R. Civ. P. 45 because it subjects John Doe 70, included only because he is a subscriber/customer of WOW, to undue burden, harassment and embarrassment, in that his name will be revealed to Plaintiff, resulting in the invasion of his privacy and causing him to have to defend himself in this costly federal litigation centering around an obscene movie entitled "Teens in Tight Jeans."

2. Plaintiff has failed to identify any particularized showing that Defendant John Doe 70 actually copied, distributed or otherwise illicitly view the subject movie and John Doe 70 affirmatively states he did not copy, download or otherwise use the subject movie and has never personally used the file sharing websites identified in this litigation, BitTorrent and, therefore, is not a properly included defendant to the litigation.

WHEREFORE, John Doe No. 70, solely identified by Internet Protocol Address 75.118.254.199, moves for an order pursuant to Fed. R. Civ. P. 45 quashing the subpoena issued and served upon WOW Internet as it relates to John Doe No. 70 only, or in the alternative, moves for an order pursuant to Fed. R. Civ. P. 21, severing him from this case.

Dated: December 24, 2012          /s/Marla A. Skeltis
                                  Marla A. Skeltis (P62141)
                                  Randall S. Miller & Associates, P.C.
                                  Attorneys for Defendant John Doe No. 70
                                  43252 Woodward Avenue, Suite 180
                                  Bloomfield Hills, MI 48302
                                  mskeltis@rsmalaw.com

**UNITED STATES DISTRICRT COURT**
**IN THE EASTERN DISTRICT OF MICHIGAN-DETROIT**
_____

Third Degree Films,

                                                       **Case No.: 12-cv-14106**
      Plaintiff,                                    **Hon. Denise Page Hood**

vs.

John Does 1-72,

      Defendants.
_____/

| | |
|---|---|
| Paul J. Nicoletti, Esq. (P44419) | Marla A. Skeltis (P62141) |
| Attorney for Plaintiff | Attorney for John Doe No.: 70 |
| 36880 Woodward Ave., Suite 100 | Randall S. Miller & Associates, P.C |
| Bloomfield Hills, MI 48304 | 43252 Woodward Avenue, Suite 180 |
| (248) 203-7800 | Bloomfield Hills, MI 48302 |
| | (248) 335-9200 |

_____/

**JOHN DOE NO. 70'S BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE, MOTION TO SEVER**

**INTRODUCTION**

      This case involves one of several hundred lawsuits brought by adult film companies against various John Doe defendants alleging spurious claims of copyright infringement.  The complaint alleges John Doe No. 70 uploaded, downloaded and otherwise shared the subject copyrighted film with others utilizing a BitTorrent program.  John Doe No. 70 is a blue collar individual with a family with little to no knowledge of basic computer skills who is now at risk of being exposed as an alleged subscriber of not only pornographic material, but also

conceivably child pornographic material in that the film is entitled "Teens in Tight Jeans." Defendant believes Plaintiff has employed improper joinder to sue as many individuals as possible thereby side-stepping the need to pay separate filing fees for each individual defendant.

## ARGUMENTS

The subpoena should be quashed pursuant to Fed. R. Civ. P. 45 as it unnecessarily subjects John Doe No. 70, brought into this litigation merely by virtue of being a subscriber to WOW, to invasion of privacy and causes him to have to defend himself in costly federal court litigation involving the alleged dissemination of an adult film entitled "Teens in Tight Jeans." Plaintiff has failed to identify any particularized showing that Defendant John Doe No. 70 actually copied, downloaded or otherwise had any use of the subject film.  In support of their motion, Plaintiff attaches an Affidavit attested to by Tobias Fesier **(Exhbit A).** The Affidavit itself establishes that the IP address correlates only with the "subscriber of the internet service" and does not bear any relation to the individual who actually misused the copyrighted material at issue.

As explained above, John Doe No. 70, has little to no computer knowledge, and certainly does not have the requisite knowledge to download the BitTorrent protocol identified in this litigation for the purposes of downloading, copying, sharing or otherwise utilizing the subject film in any manner.  John Doe No. 70 asserts that there are several reasons his Internet Protocol Address (hereinafter "IP Address") may have been identified within this litigation including, but not limited to, the hacking or hijacking of Doe 70's unsecure wireless network by the real party in interest.  If John Doe No. 70 is disclosed within the context of this litigation, he will be linked to the stigma associated with the film at issue and it will be impossible to later clear his name once he is dismissed from the litigation.

As another court stated, "in recent months, this Court has grown increasingly troubled by 'copyright trolling' specifically as it has evolved in the adult film industry." *Third Degree Films v. Does 1-47,* 2012 WL 4498911 (D. Mass. 2012) (**Exhibit B**). The court went on to describe how many adult film companies may be misusing the subpoena powers of the court seeking the identities of various Doe defendants solely to facilitate demand letters and coerce settlement. *Id.* The "trolling" letters identified by this and several other courts are demand letters requesting from $2,500 to $3,000 from potential defendants in exchange for not being included in a lawsuit. This practice has forced John Doe No. 70 to file this motion, through counsel, so as to avoid revealing any personal information regarding his identification.

Plaintiff included a chart with the subpoena issued to WOW. The chart listed a number of different IP addresses and the alleged link to the BitTorrent swarm. The nature of BitTorrent does not support the Plaintiff's claim that all of the IP addresses of the various doe defendants acted together for the entire time period identified within the chart. In fact, it is extremely likely that some of the IP addresses on Plaintiff's chart did not download or otherwise share the movie with the other Doe Defendants from July 5, 2012 to September 5, 2012.

Plaintiff's joinder of John Doe Defendant No. 70 along with 71 additional doe defendants is improper. Fed. Rule Civ. P. 20(a)(2) allows for joinder of multiple defendants in one action where (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. When these two requirements are not met, the court may add or drop a party pursuant to Fed. Rule Civ. P. 21. The court may also sever any claim against a party. The purpose of Rule

20 is to promote judicial economy and trial convenience. *Mosley v. Gen. Motors,* 497 F.2d 1330, 1332-1333 (8th Cir. 1974).

The chart included by Plaintiff alleged that the activity at issue took place from July 5, 2012 through September 5, 2012. Each IP address identified allegedly accessed the copyrighted material on different days at different times. The majority of courts have held that the attempt to group doe defendants together by the sole fact that they accessed the same file using BitTorrent technology does not satisfy the requirements of Fed. R. Civ. P. 20(a)(2)(A). A concise analysis of the reasoning is set forth in the court's opinion in *Hard Drive Productions, Inc. v. Does 1-188,* 809 F. Supp. 2d 1150 (N.D. Ca. 2011). In that case, the court held:

> Does 1-188 did not participate in the same transaction or occurrence, or the same series of transactions or occurrences. Under the BitTorrent Protocol, it is not necessary that each of the Does 1-188 participated in or contributed to the downloading of each other's copies of the work at issue—or even participated in or contributed to the downloading by any of the Does 1-188. Any 'pieces' of the work copied or uploaded by an individual Doe may have gone to any other Doe or to any of the potentially thousands who participated in a given swarm. The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the county or across the world.

In *Third Degree Films,* the court citing *Patrick Collins, Inc. v. Does 1-23,* 2012 WL 1144918 at 6 (D. Md. 2012) held that "joiner was improper under Rule 20(a)(2)(B) because the alleged infringement was committed by unrelated defendants, through independent actions, at different times and locations." **(Exhibit C).** In *Liberty Media Holdings, LLC v. BitTorrent Swarm,* 277 F.R.D. 672, 675 (S.D. Fla. 2011), the court held joinder was improper under Rule 20(a)(2)(B) because the " alleged infringement occurred on different days and different times during a two-week period, and noting that even if the infringement did occur at the same time,

'due to decentralized operation of BitTorrent, this fact alone would not imply that Defendants participated in or contributed to the downloading of each other's copies of the work at issue**.**" Although the litigation at issue involves a single film, this does not alter the legal analysis. The legal analysis is controlled by the fact that, despite involving a single copyrighted item or many, the acts alleged were committed by unrelated defendants at different times and locations who are likely to assert different defenses. *BMG Music v. Does 1-203*, 2004 WL 953888 **(Exhibit D).**

## CONCLUSION

The subpoena issued to WOW to produce personal identifying information relative to Defendant John Doe 70 should be quashed. The IP address only identifies the internet subscriber or the individual paying for internet access. John Doe is identified merely by virtue of being a WOW internet subscriber. By virtue of bearing a specified IP address-holder, it is alleged he downloaded, uploaded or otherwise shared an adult firm. However, the nature of any IP address is such that Doe 70 may have been identified although he never personally downloaded, uploaded or otherwise shared/utilized the film at issue. As explained, the information could have been accessed by someone on Doe 70's street or in the neighborhood by using Doe 70's unsecured wireless network. In addition, Doe 70's internet could have been "hacked" by unauthorized third parties.

It has been the practice of Plaintiff to acquire the names of various individuals for the sole purposes of bullying them into settlements to avoid being brought into a lawsuit involving adult films. The sheer volume of mass copyright-infringement cases in the United States demonstrate that the practice utilized by Plaintiff in this case is common-place. The unethical nature of issuing subpoenas to companies such as WOW to seek confidential customer

information was brought to light in an Order issued in *K-Beech v. Does 1-85*, Case No.: 11-469-JAC, Eastern District of Virginia. In that case, the Judge held:

> The course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather have simply used the Court and its subpoena powers to obtain sufficient information to shake down the John Does. Whenever the suggestion of a ruling on the merits of the claims appears on the horizon, the plaintiffs drop the John Doe threatening to litigate the matter in order to avoid the actual cost of litigation and an actual decision on the merits.

Finally, the joinder of Defendant John Doe 70 was improper. In its chart, Plaintiff identifies 72 Doe Defendants who were allegedly involved in the "swarm." The chart documents activities spanning a duration of sixty days involving different individuals accessing the material on different days and at different times. There is ample authority that this is an improper attempt to join parties pursuant to Fed. R. Civ. P. 20(a)(2).

Dated: December 24, 2012   /s/Marla A. Skeltis
Marla A. Skeltis (P62141)
Randall S. Miller & Associates, P.C.
Attorneys for Defendant John Doe No. 70
43252 Woodward Avenue, Suite 180
Bloomfield Hills, MI 48302
mskeltis@rsmalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion and Brief in Support, filed through the ECF Filing System on December 24, 2012, which will send notice to all interested parties and/or attorneys of record.

/s/ Marla A. Skeltis