UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK COLLINS, INC.,

        Plaintiff,

v.

JOHN DOES 1-12,

        Defendants.
_____/

Case No.  12-13310

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE MICHAEL J. HLUCHANIUK

## ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT SEVER DEFENDANTS JOHN DOES 2-12 AS IMPROPERLY JOINED, AND SHOULD NOT DENY PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD PARTY SUBPOENAS [2]

Before the court is Plaintiff's Complaint [1], filed on July 26, 2012, and Motion for Leave to File Third-Party Subpoenas [2], filed on August 9, 2012.  This case appears to be one of a number of similar cases filed around the country.  Plaintiff has filed at least four other nearly-identical cases in this district,[1] and indeed, has filed a nearly-identical complaint and motion before this Court.[2] Plaintiff alleges that Defendants, John Does 1-12, improperly infringed on a video copyrighted by Plaintiff entitled "Best New Starlets 2012" "the Work"), through the use of a person-to-person torrent-sharing program known as "BitTorrent."

In the complaint, Plaintiff alleges that joinder of all John Does is proper under Fed. R. Civ. P. 20(a)(2) because the Defendants infringed on the Work through "a series of transaction, involving the exact same torrent file containing of Plaintiff's copyrighted Works, and was accomplished by the

---

[1] *See Patrick Collins, Inc. v. John Does 1-23*, No. 11-cv-15231-GCS, *Patrick Collins, Inc. v. John Does 1-21*, No. 11-cv-15232-DPH, *Patrick Collins, Inc. v. John Does 1-30*, No. 11-cv-15236-PDB, *Patrick Collins, Inc. v. John Does 1-27*, No. 11-cv-15237-MAG.

[2] *See Patrick Collins v. John Does 1-21*, No. 12-cv-12596.

Defendants acting in concert with each other . . . ." Plaintiff argues that Defendants are jointly and severally liable for their alleged infringing activities.

Another court in this district recently severed all but one John Doe in a nearly-identical case, *Patrick Collins, Inc. v. John Does 1-23*, No. 11-cv-15231-GCS, 2011 WL 1019034 (E.D. Mich. March 26, 2011). In that case, Judge Steeh noted that joinder was improper because simply alleging the use of a torrent file-sharing program such as BitTorrent did not meet the requirements of joinder under Rule 20(a). As here, there was "no allegation that any of the computers associated with the IP addresses downloaded or uploaded pieces of the Work with each other." *Id.* at *3 As here, "[t]hat plaintiff has provided evidence that each of the defendants connected to the investigative server to download a piece of the Work does not show that each of the IP addresses acted in concert with all the other addresses in the swarm." *Id.*

Similarly, Plaintiff "does not indicate how long each Doe Defendant was in the swarm or if any of the Doe Defendants were part of the swarm contemporaneously." *K-Beech, Inc. v. John Does 1-41*, No. V-11-46, 2012 U.S. Dist. LEXIS 31803, at *10 (S.D. Tex. March 8, 2012). "[E]ven if the IP addresses at issue in this motion came from a single swarm, there is no evidence to suggest that each of the addresses 'acted in concert' with all the others." *Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1163 (N.D. Cal. 2011). The nature of a BitTorrent "swarm" is such that the number of users involved "can easily reach numbers in the hundreds of thousands." *Patrick Collins Inc.*, 2011 WL 1019034, at *4. This, combined with the fact that "its users share files in relatively quick time frame, ranging anywhere from fifteen minutes to a few hours," means that it is seemingly implausible that any of the Doe defendants simultaneously shared pieces of the Work with each other, and thus acted "in concert" sufficient to justify joinder under Rule 20(a). *Id.*

Here, the Defendants, acting over the course of two months, through two different Internet Service Providers, in 12 different cities, are accused of downloading pieces of the Work. Fed. R. Civ. P. 21 permits the court, on its own or on motion of a party, to "at any time, on just terms, add or drop a party" or "sever any claims against a party." Plaintiff is therefore **ORDERED TO SHOW CAUSE** by **September 24, 2012**, why this court should not sever John Does 2-12 from this case and require Plaintiff to separately file suit against each Defendant.

**SO ORDERED**.

                                        s/Arthur J. Tarnow
                                        Arthur J. Tarnow
Dated: September 10, 2012            Senior United States District Judge

---

### CERTIFICATE OF SERVICE

I hereby certify on September 10, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 10, 2012: **None.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        District Judge Arthur J. Tarnow
                                        (313) 234-5182