UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**THIRD DEGREE FILMS, INC.,**

    **Plaintiff,**

                                  Case No. 12-cv-14106

**v.**

                                  HON. DENISE PAGE HOOD

**JOHN DOES 1-72,**

    **Defendants.**

_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND GRANTING, TO THE EXTENT THEY
REQUEST SEVERANCE,
DEFENDANT DOE 50'S MOTION TO SEVER DOE DEFENDANTS 2-72
AND TO QUASH SUBPOENA AND/OR DISMISS [DKT 10]
AND DEFENDANT DOE 7'S OMNIBUS MOTION TO SEVER AND/OR
QUASH THE SUBPOENA AND/OR ISSUE A PROTECTIVE ORDER
[DKT 13]**

This matter is before the Court on Magistrate Judge David R. Grand's Report and Recommendation dated March 18, 2013. Plaintiff has not filed any objections to the Magistrate Judge's Report and Recommendation. For the reasons stated below, the Court orders that Defendant Doe 50's Motion to Sever Doe Defendants 2-72 and to Quash Subpoena and/or Dismiss and Doe 7's Omnibus Motion to Sever and/or Quash the Subpoena and/or Issue a Protective Order, to the extent they request severance, are GRANTED.

**I.     BACKGROUND**

The Magistrate Judge has explained the underlying facts of this case in great detail. The Court adopts the Report and Recommendation findings of fact in their entirety.

## II.    STANDARD OF REVIEW

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

In order to preserve the right to appeal, a party must file objections to the Report and Recommendation within fourteen days of service of a copy, as provided in 28 U.S.C. § 636(b)(1) and E.D. Mich. L.R. 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The Court is not required to review a Report and Recommendation to which no objections are made. *Thomas v. Arn*, *supra*.

## III.    ANALYSIS

The Magistrate Judge concluded that severance of the Defendants fulfills the more important goals of fairness to the Defendants and efficiency of this mass online copyright infringement action, even at the expense of lesser considerations such as cost and convenience to the Plaintiff.  Based on these findings, the Magistrate Judge recommends that this Court grant, to the extent they request severance, Defendant Doe 50's Motion to Sever Doe Defendants 2-72 and to Quash Subpoena and/or Dismiss, and Doe 7's Omnibus Motion to Sever and/or Quash the Subpoena and/or Issue a Protective Order ("Doe Motions").  More specifically, the Magistrate Judge makes four recommendations:  (1) all John Doe defendants other than Doe 2 (identified by the IP address 24.180.185.210 on Exhibit A to the complaint [Docket No. 4-1]) be severed from this action and dismissed without prejudice; (2) this action be assigned to Doe 2 as an individual defendant; (3) the Clerk be directed to terminate all John Does except Doe 2 as defendants to this action, and the parties be directed to omit any reference to those John Does in future filings in this action; and (4) Plaintiff be permitted to file individual complaints as to John Does 1, 3-31, & 33-72, and these complaints be assigned separate civil action numbers by the Clerk upon Plaintiff's payment of the associated filing fee.

The Court agrees with the Magistrate Judge that severance is a better option than joinder at this time.  Although the purpose of Rule 20 is "to promote trial

convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits," *Patrick Collins, Inc. v. Doe*, 282 F.R.D. 161, 166 (E.D. Mich. 2012) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974)), *adopted by* 286 F.R.D. 319 (E.D. Mich. 2012), the ultimate goal of the Federal Rules is "to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1.  In cases where joinder under Rule 20 is improper, a court may sever parties or claims.  Fed. R. Civ. P. 21.  In this case, three main reasons support severance:  (1) judicial economy; (2) fairness and expense to the Defendants; and (3) judicial integrity.

As the Magistrate Judge has explained, the logistics of case management present enormous difficulties in adjudicating a mass online copyright infringement case.  Were this case to proceed to trial, each of the 54 remaining Does (reduced from 72 originally) has the right to be present at the deposition of every other party and the right to respond to every pleading, filing, or other pertinent document submitted by any other party.  Each Doe must agree to and be available for the trial schedule and must serve every other party with his own pleadings, filings, and other documents.  These are just a few of the logistical problems assuming all of the Does have been identified.  Such problems are compounded by the fact that in most of these cases, Does are identified on an ongoing basis.  All future Does must be brought up to speed and have the right to make objections and submit their own

pleadings, filings, or other documents.  In addition, progress must be halted while the Plaintiff discovers the identities of the remaining Does or amends its complaint to include newly identified defendants.  Finally, due to the variety of possible individual defenses, it may be logistically impossible for the Plaintiff to respond to all opposing motions within the applicable time limits.

As the Magistrate Judge also explained, judicial inefficiency in mass online copyright infringement cases results in undue expense for the identified Does. Each Doe must incur expense reviewing every pleading, filing, and other document submitted by every other party, serving every other party with his own pleadings, filings, and other documents, and attending the multiple hearings necessarily required to coordinate the actions of all the parties.  This again is assuming that all of the Does have been identified.  As in this case, where some Does have yet to be identified, already identified Does are kept in expensive limbo while awaiting the identification of further Does.

As the Magistrate Judge also noted, individuality of defenses requires severance in mass online copyright infringement cases.  The effect of individualized issues was succinctly explained with respect to an analogous genre of cases – standard class actions – where one of the requirements is that questions of law or fact common to class members must predominate over any questions affecting only individual members.  Fed. R. Civ. P. 23(b)(3).  As the United States

Court of Appeals for the Eleventh Circuit stated, "Where…plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, such claims are not suitable for class certification…." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004). A tangible example would be in a truth-in-lending class action against a lender, where predominance can be destroyed if the lender asserts default as a counterclaim against individual borrowers, thereby requiring the court to give separate attention to the unique circumstances of those borrowers. Just as the assertion of counterclaims against individuals in class actions renders the original claims secondary, the sheer variety of possible "it wasn't me" defenses in mass online copyright infringement cases relegates any common question of law or fact to secondary status. This has already become apparent in this case when, during the hearing on the Doe Motions, Does 7 and 50 spent a significant amount of time advancing and explaining their own defenses.

Finally, as the Magistrate Judge noted, judicial integrity is lost if a plaintiff with no actual desire to litigate against joined defendants uses the judicial machinery simply for its benefit. A pattern of conduct common to this and similar cases is clear: plaintiff files a mass claim under the guise of judicial economy and personal cost and convenience benefits, uses a subpoena on third-party Internet Service Providers to discover the defendants' identities, and then pressures the

identified defendants to settle privately. *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, at \*5 (E.D.N.Y. May 1, 2012). This pattern of conduct indicates that plaintiffs in mass online copyright infringement cases use the judicial machinery only to obtain the identities of unknown users and to exert pressure on identified defendants, with no actual desire to litigate under a joinder setting. *Id.* For example, in this case, the Plaintiff in its Notice of Voluntary Dismissal Without Prejudice (for 16 Does recently identified through third-party subpoena) stated without explanation that it was unable to properly serve each Defendant before the Rule 4(m) deadline, yet on the same day it filed a motion for time extension for serving its summons and complaint. And in two of the Plaintiff's previous cases involving unrelated defendants, the Plaintiff has voluntarily dismissed without prejudice all remaining defendants, even after the court (1) denied the defendants' motions to sever in one case, and (2) granted leave to serve third-party subpoenas in the other.

## IV.   CONCLUSION

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge David R. Grand [Docket No. 27, filed on March 18, 2013] is ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendant Doe 50's Motion to Sever Doe Defendants 2-72 and to Quash Subpoena and/or Dismiss and Doe 7's Omnibus Motion to Sever and/or Quash the Subpoena and/or Issue a Protective Order [Docket Nos. 10 and 13, filed on January 4, 2013, and January 9, 2013, respectively] are GRANTED to the extent they request severance:

(1) All John Doe Defendants other than Doe 2 (identified by the IP address 24.180.185.210 on Exhibit A to the complaint [Docket No. 4-1]) are severed from this action and dismissed without prejudice;

(2) This action is assigned to Doe 2 as an individual defendant;

(3) The Clerk is directed to terminate all John Does except Doe 2 as defendants to this action, and the parties shall be directed to omit any reference to those John Does in future filings in this action; and

(4) Plaintiff is permitted to file individual complaints as to John Does 1, 3-31, & 33-72, and these complaints shall be assigned separate civil action numbers by the Clerk upon Plaintiff's payment of the associated filing fee.

IT IS SO ORDERED.

Dated:  August 15, 2013                    s/Denise Page Hood
                                           DENISE PAGE HOOD
                                           U.S. DISTRICT COURT JUDGE

I hereby certify that a copy of this order was served upon the attorneys of record on this date, August 15, 2013, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager